# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 24, 2011

## STATE OF TENNESSEE v. ROBERT COLIN PELFREY

### Appeal from the Criminal Court for Roane County
### No. 13465     E. Eugene Eblen, Judge

### No. E2010-01671-CCA-R3-CD-AUGUST 4, 2011

A Roane County grand jury indicted the Defendant, Robert Colin Pelfrey, for aggravated burglary, a Class C felony, resisting arrest, a Class B misdemeanor, and assault, a Class B misdemeanor. The Defendant pled guilty to the aggravated burglary charge and agreed to a sentence of three years, with the manner of service left to the discretion of the trial court. The remaining counts were dismissed. The trial court sentenced the Defendant as a Range I, standard offender to three years in the Tennessee Department of Correction. In this appeal as of right, the Defendant contends that the trial court erred in denying all forms of alternative sentencing. Following our review, we affirm the Defendant's sentence for the aggravated burglary conviction. However, we remand the Defendant's case because the judgment for the resisting arrest count improperly reflects that the Defendant was indicted for evading arrest, a Class E felony. The trial court is directed to correct that judgment in accordance with the indictment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed in Part; Reversed in Part; Case Remanded.

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Joe. H. Walker, District Public Defender, and Walter Bohanan Johnson, II, Assistant Public Defender, for the appellant, Robert Colin Pelfrey.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Russell Johnson, District Attorney General; and William Reedy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the guilty plea submission hearing held on March 30, 2010, the State submitted that had the Defendant's case gone to trial, it would have proven that on January 19, 2004, the Defendant entered a residence "inh[a]bited by [the victim] and other members of the family without their knowledge and full consent with the intent to commit a felony or theft." The Defendant admitted that the State's submission of the facts were correct and pled guilty.

On July 19, 2010, the trial court held a sentencing hearing at which the victim testified about the effect that the Defendant's actions had on her life. The victim stated that she was asleep in her bedroom at 3:30 a.m. when the Defendant entered the room and started to choke her. She woke up with the Defendant's hands around her neck, "literally choking the breath out of [her]." She stated that her sister heard what was happening and alerted the rest of the family, who came in her room and saved her from the Defendant's attack. The victim stated that as a result of the Defendant's actions, she had trouble sleeping, had panic attacks and severe anxiety, and had to take medication. She said that although the attack happened six years ago, the events were "still very, very fresh in [her] head" and that "it [was] really hard to live with" what happened to her. The victim stated that she believed that the Defendant should have to serve his sentence in the penitentiary.

The Defendant did not testify at the sentencing hearing, thereby relying on his statements in the presentence report. The Defendant refused to give a statement in the presentence report concerning the crime for which he pled guilty. However, the Defendant reported that he began drinking alcohol and using marijuana at the age of 13 and that he began using crack cocaine at the age of 21. The Defendant reported that the last time he smoked marijuana was approximately one month prior to submitting the information for the report. The Defendant reported that he had been addicted to crack cocaine for the last several years of his life and that he had been admitted to the Serenity House in Oak Ridge, a rehabilitation facility, on December 12, 2008. The Defendant successfully completed the program on May 15, 2009. The Defendant was unemployed at the time of the interview for the presentence report, but he subsequently reported that he had obtained employment with Seelbach Tree Service. The Defendant's employment status was not verified.

The Defendant had an extensive criminal history. On March 22, 1996, the Defendant pled guilty to a 14-count indictment, which involved 7 convictions of aggravated burglary and 7 convictions of theft of property of varying amounts. Pursuant to an agreement, the Defendant received a five-year sentence, suspended to community corrections, which was revoked when he was charged with committing a new felony. Since the Defendant committed the aggravated burglary in 2004, he had been convicted of public intoxication,

reckless driving, leaving the scene of an accident, and two counts of possession of drug paraphernalia.

At the conclusion of the hearing, the trial court ordered the Defendant to serve his three-year sentence in the Tennessee Department of Correction. The trial court stated he believed that the Defendant would have difficulty completing his sentence in the community corrections program because the Defendant had already been in the program before and had been removed from the program. The trial court also found that given the Defendant's extensive criminal history, the Defendant "need[ed] to serve his time."

ANALYSIS

The Defendant contends that the trial court erred in denying all forms of alternative sentencing. The Defendant asserts that the trial court failed to consider the Defendant's potential for rehabilitation as evidenced by the fact that the Defendant had been awaiting sentencing for over three years and had secured employment during that time. The State responds that the trial court properly denied alternative sentencing given his lengthy criminal history and the fact that he had already received sentences less than confinement. The State further responds that the Defendant had a poor potential for rehabilitation given the fact that he had committed new crimes while awaiting sentencing for the instant offense.

The Defendant committed the offense on January 19, 2004, but he was not sentenced until July 19, 2010. Therefore, he could have elected to be sentenced pursuant to the 2005 revisions to the Criminal Sentencing Act. Because no waiver appears in the record, we will review the Defendant's sentence pursuant to the pre-2005 Sentencing Act. See State v. James Albert Taylor, No. E2007-02878-CCA-R3-CD, 2009 WL 396076, at *7 (Tenn. Crim. App. Feb. 17, 2009).

The Defendant was eligible for probation because the "sentence actually imposed upon [him was] eight (8) years or less." Tenn. Code Ann. § 40-35-303(a), (b) (2003). Thus, the trial court was required to automatically consider probation as a sentencing option. Tenn. Code Ann. § 40-35-303(b) (2003). However, the Defendant must have established his suitability for probation. Tenn. Code Ann. § 40-35-303(b) (2003). A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interests of both the public and the defendant." Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

The Defendant was presumed to be a favorable candidate for alternative sentencing because he had been convicted of a Class C felony. See Tenn. Code Ann. § 40-35-102(6) (1994). In determining any defendant's suitability for alternative sentencing, the trial court should consider whether

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C) (1989). The trial court shall also consider the mitigating and enhancing factors as set forth in Tennessee Code Annotated sections 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5) (2000); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5) (1989); Boston, 938 S.W.2d 435 at 438. Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4) (1989).

We agree with the trial court that the Defendant's potential for rehabilitation is questionable given his lengthy criminal history and behavior. He had been placed on community corrections previously and had been violated for committing a new offense. In addition to continuing to use illegal drugs, he committed new offenses while awaiting the sentencing for this offense. The nature of the conviction in this case, an aggravated burglary in which he entered the victim's home and strangled her until her family intervened, was particularly troubling. With these considerations in mind, we believe that the record supports the trial court's sentencing decision. Accordingly, we affirm the trial court's sentencing decision.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment for the Defendant's aggravated robbery conviction is affirmed. However, our review of the record

in this case revealed that the trial court incorrectly listed evading arrest, a Class E felony, on the judgment that should have reflected the indicted offense of resisting arrest, a Class B misdemeanor.  While we acknowledge that this offense was dismissed, the judgment needs to be corrected to reflect that the Defendant was indicted for a Class B misdemeanor, not a Class E felony.  Indeed, the trial court referred to the resisting arrest offense as a Class B misdemeanor at the sentencing hearing.  Accordingly, the trial court is directed to correct the resisting arrest judgment to reflect the proper indicted offense.


_____
D. KELLY THOMAS, JR., JUDGE